# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2022

Lyle W. Cayce
Clerk

No. 21-60594
Summary Calendar

Khaled Noor,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 736 883

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Khaled Noor, a native and citizen of Bangladesh, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the immigration judge (IJ) denying his applications for asylum, withholding of removal, and relief under the Convention Against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Torture (CAT).   The BIA affirmed the IJ's adverse credibility determination, finding several inconsistencies between his testimony and his answers to questions posed during an interview by an asylum officer with the U.S. Citizenship and Immigration Services and other evidence he submitted.

As he did in his appeal to the BIA, Noor challenges the BIA's credibility determination, raising various arguments that attempt to explain away or downplay the inconsistencies identified by the BIA.  However, the BIA cited "specific and cogent reasons derived from the record" to support the adverse credibility determination.  *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (internal quotation marks and citation omitted).  Noor has failed to demonstrate that it is clear from the totality of the circumstances that no reasonable factfinder could make an adverse credibility ruling in his case.  *See Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009).  Without credible evidence, there was no basis for the BIA to grant asylum or withholding of removal.  *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

Further, the record does not compel a conclusion different from the BIA's determination that the objective evidence of record did not establish a likelihood that Noor would be tortured by or with the acquiescence of the government.  *See Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021).  Accordingly, the petition for review is DENIED.